IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAULINE RODOCK and
ROBERT RODOCK,

        Plaintiffs,

v.

PATRICK B. MOORE, DDS, MD
and LEGENDS DENTAL GROUP
AND ORTHODONTICS, P.A.,

        Defendants.

Case No. 21-2050-DDC-JPO

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' response to the court's show cause order, issued February 2, 2021 (Doc. 4). At that time, the court ordered plaintiffs to show cause "why the court should not dismiss [their] Complaint (Doc. 1) without prejudice for lack of subject matter jurisdiction under 28 U.S.C. § 1332." Doc. 4 at 1. On February 11, 2021, plaintiffs timely responded to the court's Order (Doc. 5).

Their filing provides some, but not all, of the details required to allege clearly that diversity of citizenship exists in this matter, as required by 28 U.S.C. § 1332. The court will explain, below.

On the bright side, plaintiffs' response hits a bullseye when it comes to defendant Patrick B. Moore. Their response states he "is domiciled and a citizen of the state of Missouri." Doc. 5. Likewise, plaintiffs state they are citizens of Louisiana and Ohio. Doc. 1 at 1 (Compl. ¶ 1). So, these adversaries in the action are allegedly "citizens of different States." 28 U.S.C. § 1332(a)(1). That's a good start, but plaintiffs fall short when it comes to the other named defendant.

Plaintiffs are also suing "Legends Dental Group and Orthodontics, P.A., a professional association." Doc. 1 at 1 (Compl. ¶ 1). In its show cause order, the court explained "citizenship of a business entity is determined by its organizational structure," which means that plaintiffs must "specify the defendant business's organizational structure with sufficient detail" so the court may "determine whether it has diversity jurisdiction over this case." Doc. 4 at 3–4; *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

Plaintiffs have made good efforts aimed to make this showing, and the court commends their effort. Doc. 5 ("Legends Dental Group and Orthodontics, P.A., [is] a *[c]orporation* incorporated pursuant to the Professional Corporation Law of Kansas with its principal place of business in Kansas, and which is a citizen of Kansas." (emphasis added)). Unfortunately, it still isn't clear *who* plaintiffs mean to sue and which laws governs its citizenship.

The Kansas Business Entity Database is maintained by the state's Office of the Secretary of State. State of Kansas, Office of the Secretary of State, *Business Entity Database*, https://www.kansas.gov/bess/flow/main?execution=e1s4 (last visited Feb. 23, 2021). The database provides a searchable repository containing "information for a business on file with the Secretary of State." *Id.* "One or more natural persons, each of whom is licensed to render the same type of professional service within this state, may incorporate as a professional corporation to practice that same type of professional service by filing articles of incorporation with the secretary of state." Kan. Stat. Ann. § 17-2709. So, this database should include information about Legends Dental Group and Orthodontics, P.A..

But, it doesn't. No such entity can be found there. Instead, three different businesses turn up with a keyword search for the phrase "Legends Dental." Keyword Search, Kansas Business Entity Database, https://www.kansas.gov/bess/flow/main?execution=e1s5 (select "[b]y a keyword"; then search using the phrase "Legends Dental"). Two of the search results relate to limited liability companies and one—Legends Dental Group, P.A.—is incorporated as a professional corporation. Legends Dental Group, P.A., *Articles of Incorporation* (May 30, 2013), https://www.sos.ks.gov/CM_ServiceWM/displaydocuments.aspx?DocID=03548420 (last visited Feb. 23, 2021). So, none of these businesses claim the name Legends Dental Group and Orthodontics, P.A.. And, the court just can't assume which entity plaintiffs intend to sue.

This is so particularly because the laws governing professional associations in Kansas are not so simple. *First*, under Kansas state law, *professional associations* may be formed in accordance with Kansas state corporate law. Kan. Stat. Ann. § 17-2708 ("Except as otherwise provided, the Kansas general corporation code contained in K.S.A. 17-6001 *et seq.*, and amendments thereto, shall apply to a professional corporation organized pursuant to this chapter."). In other words, "[a]lthough Kansas prohibits general corporations from practicing medicine, the Kansas statutes allow licensed physicians to incorporate a professional corporation to practice [medicine] by filing articles of incorporation with the secretary of state." *Radiologix v. Radiology & Nuclear Med., LLC*, No. 15-4927-DDC-KGS, 2017 WL 5007143, at *26 (D. Kan. Nov. 2, 2017) (internal citation and quotation marks omitted); *see also Early Detection Ctr., Inc. v. Wilson*, 811 P.2d 860, 864 (Kan. 1991) ("Under K.S.A. 17–2709, it is permissible for a person to incorporate as a professional corporation . . . and function as a general corporation under the General Corporation code." (internal citation omitted)).

*Second*, professional service providers who qualify under Kansas state law may opt to incorporate, instead, as a *professional limited liability company*.  Kan. Stat. Ann. § 17-7673 (providing guidelines for professional service providers to follow in order to register with the state of Kansas as a "limited liability company . . . organized to exercise the powers of a professional association or professional corporation").  On this approach, a professional association may "organize under the Kansas limited liability company act contained in K.S.A. 17-7662 *et seq.*, and amendments thereto, or organize as a limited liability partnership as defined in K.S.A. 56a-101, and amendments thereto."  Kan. Stat. Ann. § 17-2708.

The takeaway is that professional service providers in Kansas may organize their business by forming one of several different types of legally recognized entities.  And, each of them appears to track the general corporate and partnership laws for the state.  Accordingly, the discrete legal requirements—as well as the potential benefits and downsides—will follow the professional organization down the course it chooses to follow.

Plaintiffs are proceeding pro se.  And, accordingly, the court must construe their pleadings liberally.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  So, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Id*.  But, the court can't "advocate for the pro se party."  *Id.*

Based on the current information—and because these details point in opposite directions on legally important questions—the court can't conclude which business plaintiffs wish to sue and what legal parameters dictate its citizenship.  Were the court to assume a detail so central to

this litigation, it would "become an advocate for the pro se party." *Id.*  And that's a bridge too far.

So, the court will grant plaintiffs another opportunity to clarify this point of confusion. They can do so by filing "a short and plain statement of the grounds for the court's jurisdiction," in light of the details provided, above.  Fed. R. Civ. P. 8(a)(1).  In other words, plaintiffs must file with the court a brief statement explaining:

> **(1)** exactly which business they intend to sue, making reference to the business's legally recognized name;
> **(2)** the legal structure of that business, including the relevant state law(s) under which it is organized; and, on this basis;
> **(3)** the citizenship of the business.

And, they must do so within 14 days of this Order's date.

It may seem that the court is trying to give the parties the runaround.  But it's not. Subject matter jurisdiction is the first threshold to clear in a federal court lawsuit.  And until plaintiffs provide enough information to clear that threshold, the case simply can't proceed.

**IT IS SO ORDERED.**

**Dated this 24th day of February 2021, at Kansas City, Kansas.**

>                          **s/ Daniel D. Crabtree**
>                          **Daniel D. Crabtree**
>                          **United States District Judge**