IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PAULINE RODOCK and**
**ROBERT RODOCK,**

        **Plaintiffs,**

v.

**PATRICK B. MOORE, DDS, MD**
**and LEGENDS DENTAL GROUP**
**AND ORTHODONTICS, P.A.,**

        **Defendants.**

Case No. 21-2050-DDC-JPO

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' pro se[1] Response (Doc. 7) to the court's second Show Cause Order, issued February 24, 2021 (Doc. 6). The court directed plaintiffs to clarify the name and citizenship of the business entity they wish to sue. *See id.* And, that's what they've done. Doc. 6. So, plaintiffs have shown good cause "'why the court should not dismiss their Complaint (Doc. 1) without prejudice for lack of subject matter jurisdiction under 28 U.S.C. § 1332.'" Doc. 6 at 1 (citing Doc. 4 at 1 (brackets omitted)).

Before their latest response, it wasn't clear which business plaintiffs wish to sue. That's because the laws governing professional service providers in Kansas are a bit confusing. And, because this detail wasn't clear, it also wasn't possible for the court to establish whether diversity of citizenship exists in this matter, as required by 28 U.S.C. § 1332. That's a big deal. A business's citizenship is important in diversity actions, like this one, under 28 U.S.C. § 1332. *See also id.* at 2, 5.

---

[1] Plaintiffs are proceeding pro se. So, the court construes their filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't become an advocate for the pro se party. *Id.*

So, plaintiffs responded to the court's second Show Cause Order (Doc. 6), explaining: "Legends Dental Group, P.A., [is] a corporation incorporated pursuant to the Professional Corporation Law of Kansas with its princip[le] place of business in Kansas, and which is a citizen of the state of Kansas."  Doc. 7.  They'd already established the other named defendant's citizenship.  *See* Doc. 5 ("Patrick Moore . . . is domiciled and a citizen of the state of Missouri.").  And, their Complaint explains plaintiffs are citizens of Louisiana and Ohio.  Doc. 1 at 1.  So, this new detail was the missing link.  Accordingly, the court is satisfied that this case involves a controversy between "citizens of different States," as 28 U.S.C. § 1332(a)(1) requires.

There's only one more item to address, for now at least, and it's for the Clerk to resolve.  This matter's case caption still reflects the wrong business's name.  It isn't "Legends Dental Group and Orthodontics, P.A.," who plaintiffs wish to sue.  *See* Doc. 7.  Instead, it's Legends Dental Group, P.A.  *Id.*  So, the court directs the Clerk to restyle this matter's caption to identify the organizational defendant as Legends Dental Group, P.A.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs have complied with the court's Show Cause Orders in this matter (Docs. 4, 6), meaning they've shown good cause why the court shouldn't dismiss their case for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk is directed to adjust the case caption as follows:  replace "Legends Dental Group and Orthodontics, P.A." with "Legends Dental Group, P.A."

3

**IT IS SO ORDERED.**

**Dated this 24th day of March 2021, at Kansas City, Kansas.**

                **s/ Daniel D. Crabtree**
                **Daniel D. Crabtree**
                **United States District Judge**