UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAULINE RODOCK, et al.,

    Plaintiffs,

v.    Case No. 21-2050-DDC

PATRICK B. MOORE, D.D.S., M.D., et al.,

    Defendants.

**<u>ORDER</u>**

Plaintiffs, Pauline and Robert Rodock, have filed an action alleging personal-injury claims against Patrick B. Moore, D.D.S., M.D., and Legends Dental Group, P.A ("Legends"). Instead of filing an answer to plaintiffs' complaint, defendant Legends opted to file a motion for a more definite statement under Fed. R. Civ. P. 12(e) (ECF No. 25). Legends argues the complaint does not contain enough information to allow it to properly respond. Because the court finds plaintiffs' complaint clearly satisfies the notice-pleading standard, the motion is denied.

Rule 12(e) provides an avenue for a responding party to move for a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." But "[a] motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or

1

admission."[1] Motions for a more definite statement are "disfavored in light of the liberal discovery provided under the federal rules."[2] Rather, "[w]hen a complaint provides sufficient notice under Rule 8(a), the defendant should elicit additional detail through the discovery process."[3] Suffice it to say, defendants bringing Rule 12(e) motions face a high hurdle.

After reviewing the complaint, the court finds Legends has not met its burden of demonstrating an amended complaint is necessary for it to defend itself in this action. Although Legends asserts the complaint only alleges "something untoward happened to Pauline Rodock while in a dental office," the complaint is actually pretty specific. It alleges Dr. Moore and his staff (1) "pressured" Pauline into treatment, (2) as Pauline was recovering from sedation, lifted her "blouse and bra and [felt] while observing [her] breasts," and (3) "made disparaging remarks about [Pauline's] appearance."[4] The

---

[1] *Norwood v. UPS*, No. 19-2496-DDC, 2020 WL 5802078, at *19 (D. Kan. Sept. 29, 2020) (quoting *Advantage Homebuilding, LLC v. Assurance Co. of Am.*, No. 03-2426-KHV, 2004 WL 433914, at *1 (D. Kan. Mar. 5, 2004)).

[2] *Peterson v. Brownlee*, 314 F. Supp. 2d 1150, 1155–56 (D. Kan. 2004); *see also Norwood*, 2020 WL 5802078, at *19 (ruling motions for more definite statements "generally are disfavored").

[3] *May v. Rottinghaus Co.,* 394 F. Supp. 3d 1334, 1339 (D. Kan. July 31, 2019) (citing *Suede Grp., Inc. v. S Grp., LLC*, No. 12-2654, 2013 WL 183752, at *2 (D. Kan. Jan. 17, 2013)); *see also Norwood*, 2020 WL 5802078, at *19 ("[A]party cannot invoke Rule 12(e) as a method of pretrial discovery. . . ."); *Capers v. Samson Dental Partners LLC*, No. 18-2531, 2019 WL 858749, at *2 (D. Kan. Feb. 22, 2019) ("[T]he discovery process should be used to learn additional details with respect to the claims." (quoting *Ewing v. Andy Frain Sec. Co.,* No. 11-2446, 2012 WL 162379, at *1 (D. Kan. Jan. 19, 2012)).

[4] ECF No. 1 at 2.

complaint goes on to assert, "Legends is responsible for the liability of Dr. Moore, the nurses, and assistants, whether vicariously, directly, or both."[5] Plaintiffs were not required to name their causes of action in specific numbered counts.[6]

The court finds the pleaded facts give defendants fair notice of plaintiffs' claims, and defendants may flush out the details of those claims during discovery.

IT IS THEREFORE ORDERED that Legend's motion for a more definite statement (ECF No. 25) is denied.

Dated July 14, 2021, at Kansas City, Kansas.

   s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[5] *Id.*

[6] *See Kelp v. B & B Lumber Co.*, No. 18-1103-JWB, 2018 WL 3831525, at *3 (D. Kan. Aug. 13, 2018) ("There is no requirement that a pleading list elements of claims asserted, make legal conclusions about claims asserted, or label the asserted claims.") (quoting *Mechler v. United States*, No. 12-1183-EFM, 2012 WL 5289627, at *3 (D. Kan. Oct. 23, 2012)).

3
O:\ORDERS\21-2050-DDC-25.docx